J-S53008-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
           Appellee :
:
          v. :
:
SAMUEL LEE MARTIN, :
:
          Appellant : No. 230 MDA 2015

Appeal from the PCRA Order January 9, 2015,
Court of Common Pleas, Lancaster County,
Criminal Division at No(s): CP-36-CR-0000252-2009,
CP-36-CR-0005063-2008, CP-36-CR-0005494-2008,
and CP-36-CR-0005871-2008

BEFORE:  DONOHUE, OTT and MUSMANNO, JJ.

MEMORANDUM BY DONOHUE, J.: **FILED AUGUST 17, 2015**

Samuel Lee Martin ("Martin") appeals pro se from the January 9, 2015 order entered by the Lancaster County Court of Common Pleas dismissing his second and third petitions filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA"), as untimely.  Upon review, we affirm.

On August 19, 2009, Martin entered an open guilty plea at four different criminal dockets to receiving stolen property, theft by unlawful taking, robbery of a motor vehicle, aggravated assault, escape, threatening to use a weapon of mass destruction, and three counts of robbery.[1]  The trial court sentenced him on December 22, 2009 to an aggregate term of thirteen to thirty-five years of imprisonment.

---

[1]  18 Pa.C.S.A. §§ 3925, 3921, 3702, 2702, 5121, 2715, 3701.

On October 27, 2010, Martin filed a timely pro se PCRA petition. The PCRA court appointed counsel ("PCRA counsel"). Following an evidentiary hearing, the PCRA court denied relief on August 4, 2011. Martin timely appealed the decision to this Court and we affirmed in an unpublished memorandum on February 27, 2012. The Pennsylvania Supreme Court denied Martin's request for allowance of appeal on July 18, 2012.

On August 17, 2012, Martin filed a pro se petition for writ of habeas corpus in the PCRA court, raising claims that he was not guilty of the crimes to which he pled guilty by reason of insanity and that his sentencing hearing was untimely in violation of Rule 704 of the Pennsylvania Rules of Criminal Procedure. The PCRA court treated the filing as a PCRA petition. On October 24, 2012, the PCRA court issued notice of its intention to dismiss the petition pursuant to Pa.R.Crim.P. 907. No further action was taken on Martin's second PCRA petition, as the record was forwarded to the United States District Court for the Eastern District of Pennsylvania, where Martin had filed a petition for writ of habeas corpus on November 5, 2012.

The district court denied Martin relief on September 12, 2014. Thereafter, on September 25, 2014, Martin filed another pro se PCRA petition in the PCRA court. As the record had not yet been returned to the PCRA court, it issued an order denying Martin relief based upon its lack of

jurisdiction over the matter.[2] Undaunted, Martin filed an amendment to his third PCRA petition on October 20, 2014. The district court returned the original record to the PCRA court on October 31, 2014. Martin then refiled his third PCRA petition on November 10, 2014. Therein, Martin raised numerous claims, including: governmental interference based upon the failure of the PCRA court to decide his second PCRA petition; governmental interference based upon the PCRA court's failure to send PCRA counsel a copy of his second pro se PCRA petition in violation of Pa.R.Crim.P. 576; ineffective assistance of both plea and PCRA counsel; prosecutorial misconduct; insufficient oral and written guilty plea colloquies; untimely sentencing hearing in violation of Pa.R.Crim.P. 704; the absence of a written sentencing order; an illegal mandatory minimum sentence pursuant to **Alleyne v. U.S.**, __ U.S. __, 133 S.Ct. 2151 (2013), which created a new constitutional right; his second PCRA petition was timely filed; fines and costs are being illegally withdrawn from Martin's prison account; the failure to litigate issues surrounding Martin's mental health diagnosis, i.e., diminished capacity as a defense or mitigating factor at sentencing; and a general claim of prejudice.

On January 9, 2015, the PCRA court entered an order and opinion dismissing Martin's second and third PCRA petitions as untimely. Martin filed

---

[2] The record reflects that Martin filed numerous additional motions before the PCRA court in the interim. All of the issues raised in these motions were also included in Martin's third PCRA petition.

a timely pro se notice of appeal and complied with the PCRA court's order for the filing of a concise statement of errors complained of on appeal. The PCRA court notified this Court of its intention to rely upon its January 9, 2015 opinion dismissing Martin's PCRA petitions as support for its decision on appeal.

Martin raises the following issues for our review, which we reordered for ease of disposition:

(1) Did the lower court err[] in dismissing [Martin's] state habeas/PCRA of 8/17/12 as untimely, when [Martin] still had (56) days left on his 1yr tolling time?

(2) Did [the] lower court violate [Martin's] U.S. and Pa. Const. "due process[] and access to courts" by continually claiming "untimely" when [Martin] has claims that are "never waived, time barred and can be raised at any stage of the proceedings" even if not raised at trial or sentencing, thus violating a fully fair and non-bias[ed] litigation of claims?

(3) Has the lower court repeatedly shown prejudice to [Martin] by [its] incapability, refusal to answer petitions, court orders in a timely manner, and delibertly [sic] refusing to answer claims by hiding behind false claims of [Martin] being "untimely" so it gives [it] an easy pass on having to answer[?] The lower court has demonstrated [it is] in fact untimely on numerous [court] orders from this Honorable Court, and [it] act[s] when [it] want[s] to act on them.

(4) Did [the] lower court refuse to answer PCRA petition of 11/10/14 – which contain[s] numerous meritous [sic] claims which if reviewed, would entitle [Martin] to relief yet, [the] lower court []did[] answer the amended to that PCRA, but []not[] the petition itself?

(5) [The] lower court erred by not reconizing [sic] [Martin] as timely filed on []PCRA[] of 11/10/14, "(60) days to present claim of newly reconized [sic] U.S. Supreme Court ruleling" [sic] "mandatory minimum sentencing being unconstitutional".

(6) Did [the] lower court err[] by violating [Martin's] []14th Amendment of the U.S. Constitution. [] Also the 8th Amendment[] the 14th, for equal protection clause and the [] 8th Amend. For cruel and unusual punishment[]?

(7) Did the lower court cause "governmental interference" by violating Rule[] of [Criminal Procedure] 576 – service upon parties [–] with the petition of 8/17/12?

(8) Did the lower court allow prosecutor[ial] misconduct/bad faith tactics during court proceedings?

(9) Was 1st PCRA counsel ineffective for not fully investigating [Martin's] case for plain errors[] and obvious violations of []Pa. and U.S. Const.[] and not perfecting his PCRA or appeals, or recognizing "improper prosecution of a []mentally ill person"?

(10) Was [Martin's] trial counsel so over burdened [sic] with other cases as a public defender[] that he did not want to pursue the "proper defense of a mentally ill person" due to his case load [sic] and the comment that "mental ill defense doesn[']t work in Lancaster County"?

(11) Was there a manifest/miscarriage of justice in regards to [Martin's] whole case, from arrest date to present proceedings?

(12) Did the lower court err[] in the verbal "colloquy" by not informing [Martin] that he could "withdraw" his guilty plea before sentencing, or ask the question of

> was [Martin] "promised, threatened, coerced etc." into the plea of guilt?

(13) Did the lower court err[] in accepting [Martin's] guilty plea with the knowledge of a "long documented, horrific[] mental health history" without having [Martin] evaluated to <u>ensure</u> competency []before[] allowing [Martin] to plea[d]?

(14) Did [the] lower court violate Rule[] of [Criminal Procedure] 704, timely sentencing[] [where there were] 125 days between plea and sentencing date, without notification to defence [sic] or good cause shown?

(15) Did the lower court []inproperly[] [sic] prosecute a mentally ill person, and not take into concideration [sic] [] the psychological evaluation upon sentencing or the recommendations?

(16) Did the lower court err[] by not completing the sentencing phase by not providing upon the record of court a true and correct written judgment of sentence order, with the "statute and proper authority" that sentence was imposed from?

Martin's Brief at 4-5.

We review the denial of a PCRA petition on timeliness grounds according to the following standard:

> In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. The PCRA timeliness requirement, however, is mandatory and jurisdictional in nature. The court cannot ignore a petition's untimeliness and reach the merits of the petition. Section 9545(b)(1) requires a petitioner to file a PCRA petition within one year of the date the judgment [became] final.

***Commonwealth v. Taylor***, 67 A.3d 1245, 1248 (Pa. 2013) (internal citations and quotations omitted). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

The record reflects that Martin did not file a direct appeal from his judgment of sentence. Therefore, his judgment of sentence in this case became final on January 21, 2010, thirty days after the imposition of his sentence by the trial court. ***See*** Pa.R.A.P. 903(a) (requiring an appeal from the trial court to the Superior Court to be filed within thirty days of the entry of the order from which the appeal is taken). He therefore had until January 21, 2011 to timely file his PCRA petition. As stated above, Martin filed his second PCRA petition on August 17, 2012 and his third on November 10, 2014, making both petitions patently untimely.

Martin claims that fifty-six days remained in the one-year timeframe when he filed his second PCRA petition (his petition for writ of habeas corpus).[3] ***See*** Martin's Brief at 7, 11; Memorandum of Law, 11/10/14, at 4. Martin appears to believe that the one-year timeframe was tolled while he appealed the denial of his first PCRA petition. ***See*** Martin's Reply Brief at 1. Our Supreme Court has held, however, that apart from the specifically

---

[3] Curiously, Martin acknowledged in his second PCRA petition that it was untimely under the PCRA. ***See*** Writ of Habeas Corpus Ad Subjiciendum, 8/17/12, ¶¶ 7-8.

enumerated exceptions contained in section 9545(b), "the period for filing a PCRA petition is not subject to the doctrine of equitable tolling[.]" *Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999); *Commonwealth v. Rienzi*, 827 A.2d 369, 371 (Pa. 2003).

The specifically enumerated statutory exceptions to the timeliness provisions contained in section 9545(b) allow for very limited circumstances under which we may excuse the late filing of a PCRA petition and include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). "Any petition invoking an exception provided in paragraph (1) shall be filed within [sixty] days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). It is the petitioner's burden to plead and prove, by a preponderance of the evidence, that his facially untimely petition falls under one of the three timeliness exceptions; that he filed it within sixty days of the date it could have been presented; and that the information could not have been obtained earlier.

***Commonwealth v. Williams***, 105 A.3d 1234, 1239 (Pa. 2014);

***Commonwealth v. Ali***, 86 A.3d 173, 178 (Pa. 2014), *cert. denied sub*

*nom.*, ***Ali v. Pennsylvania***, 135 S. Ct. 707 (U.S. 2014).

In his brief on appeal, Martin claims government interference based upon the PCRA court's failure to forward his second pro se PCRA petition to PCRA counsel in violation of Pa.R.Crim.P. 576.[4] **See** Martin's Brief at 12. This argument is baseless, as PCRA counsel completed his representation of Martin at the conclusion of the appeals process for Martin's first PCRA petition. **See** Pa.R.Crim.P. 120(A)(4) ("An attorney who has been retained or appointed by the court shall continue such representation through direct appeal or until granted leave to withdraw by the court pursuant to paragraph (B)."). Martin was not entitled to the appointment of counsel to effectuate his second PCRA petition. **See** Pa.R.Crim.P. 904(C), (D). Furthermore, Martin failed to indicate when he learned that the PCRA court failed to forward his second PCRA petition to his former attorney. More than two years passed between Martin filing his second and third pro se PCRA petitions, so we cannot presume that Martin learned of the information

---

[4] This Rule provides, in pertinent part, as follows: "In any case in which a defendant is represented by an attorney, if the defendant submits for filing a written motion, notice, or document that has not been signed by the defendant's attorney, the clerk of courts shall accept it for filing, time stamp it with the date of receipt and make a docket entry reflecting the date of receipt, and place the document in the criminal case file. A copy of the time stamped document shall be forwarded to the defendant's attorney and the attorney for the Commonwealth within 10 days of receipt." Pa.R.Crim.P. 576(A)(4).

within sixty days of filing his third PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(2); **see also Williams**, 105 A.3d at 1239; **Ali**, 86 A.3d at 178. As such, this argument does not entitle him to relief.

Martin asserts that his sentence is illegal pursuant the United States Supreme Court's decision in **Alleyne v. U.S.**, wherein the Court held that "facts that increase mandatory minimum sentences must be submitted to the jury."[5] **Alleyne**, 133 S. Ct. at 2163; **see** Martin's Brief at 12. It is unclear precisely whether Martin intends to invoke subsection (ii) or (iii) of section 9545(b)(1). To the extent he argues that the **Alleyne** decision constitutes a newly discovered fact pursuant to subsection (ii), this argument fails as our Supreme Court has held that a judicial decision does not qualify as an exception under 9545(b)(1)(ii). **See Commonwealth v. Watts**, 23 A.3d 980, 987 (Pa. 2011). Subsection (iii) also does not afford Martin relief, as this Court has held that **Alleyne** is not retroactive on PCRA review, and is thus inapplicable to Martin's case. **See Commonwealth v. Riggle**, ___ A.3d ___, 2015 WL 4094427 (Pa. Super. July 7, 2015).

The remaining claims raised by Martin are substantive.[6] As Martin's second and third PCRA petitions were not timely filed and Martin failed to

---

[5] The record reflects that Martin was sentenced pursuant to the mandatory minimum sentence contained in 42 Pa.C.S.A. § 9712, *held unconstitutional by* **Commonwealth v. Valentine**, 101 A.3d 801, 804 (Pa. Super. 2014). **See** N.T., 12/22/09, at 15-16.

[6] Although Martin is correct that some of these claims, including his legality of sentencing claim pursuant to **Alleyne**, represent non-waivable claims, the

establish any of the exceptions to the PCRA's time bar, neither the PCRA court nor this Court have jurisdiction to review his claims. ***See Taylor***, 67 A.3d at 1248. We therefore affirm the PCRA court's decision dismissing both of his PCRA petitions as untimely.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/2015

---

law is clear that jurisdiction is a prerequisite to deciding even non-waivable claims. ***See Taylor***, 67 A.3d at 1248; ***see also, e.g., Commonwealth v. Capaldi***, 112 A.3d 1242, 1245 & n.5 (Pa. Super. 2015).